UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

DERRICK ANDERSON,            )
                             )
        Petitioner,          )
                             )
vs.                          )   Civil Action No. 99-S-1910-E
                             )
WARDEN R. WILEY,             )
                             )
        Respondent.          )

FILED
00 MAY 12 PM 4:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 1 2 2000

MEMORANDUM OF OPINION

### I. Factual and Procedural Background

Petitioner, Derrick Anderson, is an inmate of the Federal Correctional Facility at Talladega, Alabama. He was convicted in the United States District Court for the Northern District of Illinois on multiple counts of knowingly or intentionally possessing a listed chemical in violation of 21 U.S.C. § 841(d)(2). He was sentenced on September 10, 1993, to 120 months of imprisonment. The sentencing court enhanced petitioner's base offense level pursuant to United States Sentencing Guidelines § 2D1.11(b)(1), providing that: "If a dangerous weapon (including a firearm) was possessed, increase [the base offense level] by 2 levels."[1]

Congress directed the Bureau of Prisons to "make available

---

[1] Application note 1 in the commentary to § 2D1.11 provides that the enhancement prescribed "in subsection (b)(1) should be applied if the weapon was present, unless it is improbable that the weapon was connected with the offense" of conviction.

1

31

appropriate [residential] substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b) (last sentence); *see also id.* § 3621(e)(1). As an incentive for prisoners to enroll in and successfully complete such programs,[2] Congress provided the Bureau of Prisons discretionary authority to reduce an inmate's term of imprisonment by as much as one year:

> The period a prisoner <u>convicted of a nonviolent offense</u> remains in custody after successfully completing a treatment program <u>may be reduced</u> by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

*Id.* § 3621(e)(2)(B) (emphasis supplied). It is important to note that Congress neither defined the phrase, "a nonviolent offense," nor specified criteria governing the exercise of discretion by the Bureau of Prisons when determining whether a particular prisoner's sentence "may be reduced."[3]

Petitioner enrolled in a residential drug abuse program during March of 1999. During the course of his 500 hours of therapy — which petitioner alleges he now has successfully completed[4] — the Bureau of Prisons advised him that he was not eligible for early

---

[2] *See* 18 U.S.C. § 3621(e)(2) (heading).

[3] *See also* 18 U.S.C. § 3621(e)(2)(A), granting discretionary authority to the Director of the Bureau of Prisons to determine which prisoners "successfully completed a program of residential substance abuse treatment."

[4] *See, e.g.*, Doc. No. 27 (motion to grant petition for writ of habeas corpus) at ¶ 3 ("Petitioner successfully completed the RDAP in early February 2000.").

2

release due to the two level enhancement of his base offense level for possession of a weapon in accordance with Guidelines § 2D1.11(b)(1). *See* Doc. No. 8 (Government's Response to Order to Show Cause), Exhibit 2. That decision was based upon 28 C.F.R. § 550.58, specifying that an inmate who "successfully completes a residential drug abuse treatment program ... may be eligible ... for early release by a period not to exceed 12 months," provided the inmate was not been convicted of a felony offense that "involved the carrying, possession, or use of a firearm or other dangerous weapon...."[5]

That decision triggered the present action, seeking the

---

[5] 28 C.F.R. § 550.58(a)(1)(vi)(B), reading as follows:

An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.

   (a) Additional early release criteria.

       (1) As an exercise of the discretion vested in the director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

   . . .

       (vi) Inmates whose current offense is a felony:

   . . .

       (B)  That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), ....

issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241 *et seq*. United States Magistrate Judge Paul W. Greene submitted a report to this court recommending that the petition be granted. (Doc. No. 23.)

Respondent did not object "to the factual findings or legal analysis of the Magistrate Judge," but asked this court to delay its ruling until the Eleventh Circuit ruled upon the government's then pending petitions for rehearing, or rehearing *en banc*, in *Kilpatrick v. Houston*, 197 F.3d 1134 (11th Cir. 1999), the case "upon which the Magistrate relie[d] and which controls the case at bar (or will upon finality)":

> The respondent does not object to the factual findings or legal analysis of the Magistrate Judge except insofar as the *Kilpatrick* decision (*Kilpatrick v. Houston*, 197 F.3d 1134 (11th Cir. 1999)[)], upon which the Magistrate relies and which controls the case at bar (or will upon finality), remains under appellate review at this time as the Petition for Rehearing En Banc in *Kilpatrick* is still pending before that forum. ...

Respondent's Objection to Magistrate Judge's Report and Recommendation (Doc. No. 25), at 1.

The government's petitions for rehearing, or rehearing *en banc*, were denied by the Eleventh Circuit on March 16, 2000. The following day, however, the Eleventh Circuit *sua sponte* entered an order in nine pending cases, saying that all further proceedings in "[t]hose appeals shall be stayed until issuance of the mandate in

4

99-10862" (*i.e.*, *Kilpatrick*); and further providing that, "[o]n its own motion, the Court STAYS all future appeals raising the same issues as those presented in 99-10862." Respondent's Submission of Recent Authority filed May 4, 2000 (Doc. No. 30), Exhibit E, at 4. On or about March 22, 2000, the government filed a motion requesting the Eleventh Circuit to stay issuance of the mandate in *Kilpatrick* until June 14, 2000, the date upon which the time for filing a petition for *certiorari* with the Supreme Court will expire. *Id.*, Exhibit D. In the meantime, the Supreme Court granted *certiorari* in *Lopez v. Davis*, __ U.S. __, 120 S.Ct. 1717, 68 USLW 3668 (U.S. Apr. 24, 2000) (No. 99-7504), to review the decision of the Eighth Circuit in *Bellis v. Davis*, 186 F.3d 1092 (8th Cir. 1999).[6]

## II. Discussion

If this court were writing on a clean slate, it would adopt the recommendation of the Magistrate Judge, and follow the decision of the district court in *Kilpatrick v. Houston*, 36 F. Supp. 2d 1328 (N.D. Fla.) (Hinkle, J.), *aff'd*, 197 F.3d 1134 (11th Cir. 1999), by granting the writ of habeas corpus. In the opinion of this court,

---

[6] Unlike the Eleventh Circuit in *Kilpatrick*, the Eighth Circuit in *Bellis* held that 18 U.S.C. § 3621(e)(2) vests the Bureau of Prisons with broad discretion to determine who among the statutorily eligible class of inmates convicted of nonviolent offenses are appropriate candidates for early release and, accordingly, the Bureau did not abuse its discretion when excluding from consideration prisoners, such as petitioner herein, who had received an enhancement under Sentencing guidelines for possession of a weapon during commission of a federal drug offense.

the Bureau of Prisons abused its discretion by categorically excluding prisoners from eligibility for early release based solely on Guidelines § 2D1.11(b)(1) sentencing enhancements. *See Byrd v. Hasty*, 142 F.3d 1395 (11th Cir. 1998). The addition of enhancements for possession of a weapon is <u>not</u> the factual, functional, or legal equivalent of "convict[ion] of a []violent offense." 18 U.S.C. § 3621(e)(2)(B).

Even so, in view of the order of the Eleventh Circuit, staying "all future appeals raising the same issues as those presented in 99-10862 [*i.e., Kilpatrick*]," this court must await issuance of the mandate in that case before granting habeas relief here.

An appropriate order will be entered contemporaneously herewith.

Done this 12th day of May, 2000.

                                                _____
                                                United States District Judge